IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 3:24-00187

TIMOTHY LANE CROWDER

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Timothy Crowder's *pro se* Motion to Reconsider Sentence. ECF No. 58. For the reasons set forth below, the Court **FINDS** that it lacks authority to modify the defendant's sentence and accordingly **DENIES** the motion.

On July 14, 2025, the defendant pleaded guilty to Unlawful Receipt of Gratuities in violation of 18 U.S.C. §§ 205(a)(1) and 216(a)(2). The Court sentenced the defendant to 5 months imprisonment and 3 years of supervised release, with the first 5 months of supervised release to be served on home detention. *See Judgment*, ECF No. 54. This sentence was within the applicable U.S. Sentencing Guideline range. The defendant is currently awaiting notice from the U.S. Marshal's Service of his placement at a facility to serve his sentence. Defendant asks the Court to reconsider his sentence because he has learned Veteran's Disability benefits are impacted by a sentence over 60 consecutive days; he wants to support his daughter who has special needs; and he "was under severe distress and defensiveness when facing unanticipated time and failed to adequately accept responsibility for failing all his fellow veterans." *Mot. to Reconsider Sentence* 1–2, ECF No. 58. He contends 18 U.S.C. § 3553(a) and "United States v. Aquirre" permit the Court to reconsider or amend the sentence with new evidence. *Id.* at 2.

Rather than providing independent grounds to reconsider a sentence, 18 U.S.C. § 3553(a) sets out factors to consider when imposing a sentence. Additionally, the case Defendant references involves a different procedural posture and, similarly, does not provide grounds for reconsideration of a sentence.[1]

When a party is proceeding *pro se*, as Defendant is, courts should liberally construe the *pro se* party's filings. *See Estelle v. Bamble*, 429 U.S. 97, 106 (1972) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). This Court will interpret Defendant's motion under 18 U.S.C. § 3582(c).

18 U.S.C. § 3582(c) governs the power of a district court to reduce a sentence. Section 3582(c) states:

> **Modification of an Imposed Term of Imprisonment.**–The court may not modify a term of imprisonment once it has been imposed except that–
> (1)     in any case–
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>         (i) extraordinary and compelling reasons warrant such a reduction; or
>         (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is

---

[1] Defendant did not provide a complete citation, however, *United States v. Aquirre Velasquez*, 755 Fed.Appx. 219 (4th Cir. 2018) (unpublished per curium decision), is likely the case that Defendant is referencing. There, Mr. Aquirre Velasquez appealed the district court's decision to impose a sentence consecutively instead of concurrently. *Aquirre Velasquez*, 755 Fed.Appx. at 220–21. The Fourth Circuit Court of Appeals affirmed, as Section 3553(a) factors were properly considered by the district court as it exercised discretion while imposing the sentence. *Id.* at 222.

> consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Section 3582(c)(1)(A) is inapplicable because the motion can only be brought by a defendant, after exhaustion of administrative remedies, when extraordinary and compelling reasons warrant such a reduction[2] or by the defendant meeting age and time-served requirements. Even if Defendant had met the exhaustion requirement, the provided reasoning for relief is not extraordinary and compelling.[3]

Section 3582(c)(1)(B) permits modification if the defendant qualifies by statute or under Rule 35 which states, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Court does not find any error. Finally, Section 3528(c)(2) is inapplicable because the U.S. Sentencing Commission has not altered the applicable guidelines. Accordingly, the Court **FINDS** that it lacks authority to modify the defendant's sentence and **DENIES** Defendant's Motion to Reconsider Sentence. ECF No. 58.

---

[2] Extraordinary and compelling reasons are indicated in United States Sentencing Commission Guidelines Section 1B1.13. The Court considers "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c).

[3] The Court considered familial implications and heard testimony from Defendant's wife, pastor, and friend at sentencing.

-4-

    The Court further **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshal's Service.

        ENTER:    November 20, 2025

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE